OEMLER *et al. v.* GOETTE *et al.*

It was error to sustain a demurrer to the plaintiffs' petition, based upon the ground that the same did not set forth a cause of action. .

Submitted March 1, — Decided April 3, 1902.

Action on bond. Before Judge Norwood. City court of Savannah. August 13, 1901.

*W. W. Gordon Jr.,* for plaintiffs.
*Osborne & Lawrence,* for defendants.

FISH, J. The petition and exhibits thereto in the present case show that, in the year 1899, Jones and others entered upon certain oyster-beds in Chatham county, hitherto held and used by Oemler as his private property under a lease from the State, and proceeded to take oysters therefrom. They were forcibly expelled by Oemler; whereupon they brought suit to enjoin him and others from interfering with them in the exercise of their alleged right to go upon the beds and take away oysters, averring in their petition that the beds in question were natural oyster-beds and open to the free use of the public. As a condition precedent to the granting

of a restraining order, they were required to give a bond conditioned to pay the defendants any damages they might sustain by reason of its issuance. This they did, Sullivan and Goette being the sureties on the bond. The petition for injunction was subsequently dismissed on demurrer, and no exception was taken to the judgment of dismissal. The present action was brought to recover upon the bond, on account of alleged damages sustained by Oemler by reason of the grant of the restraining order. Goette demurred generally to the petition, and also demurred upon the ground that the petition showed that the bond was without consideration and nudum pactum. After argument upon the demurrer, the court passed the following order: " The second [or general] ground of demurrer is based on the language of the prayer for the injunction or restraining order, and the order of the judge in pursuance of said prayer. The language of the prayer is for an injunction ' restraining the said Oemler et al. from attempting to interfere or prevent the said petitioners from gathering oysters from the natural beds within the beds of public streams, or upon the banks of public marshes, which are natural oyster-beds, at any point or place in the county of Chatham, which, under and by the laws of said State, are open and free to the use of the people thereof.' The restraining order, or injunction, was that ' The said petition be and is hereby sanctioned, and the said defendants be and are hereby restrained from interfering with said plaintiffs as prayed for, and that they give bond conditioned to pay to said defendants any legal damages they may sustain by reason of the issuance of this restraining order.' It thus appears by the petition for injunction that the court was asked to enjoin Oemler and others from interfering with the petitioners when gathering oysters from natural beds. As every citizen of Georgia has, by law, the right to gather oysters from natural beds in Georgia, I can not see how an injunction against Oemler and others, restraining them from interference with the exercise of the legal right, could in any way endamage Oemler and others. If this be true, it must follow that a bond to indemnify Oemler and others for any loss occasioned by such an injunction is void of consideration, and of course not enforceable. The second ground of demurrer is sustained." To this judgment the plaintiffs excepted.

If it be conceded that the oyster-beds, with the enjoyment of

which by Jones and his associates it was sought to enjoin Oemler from interfering, were in fact natural beds and open to the free use of the public, the court below was undoubtedly correct in the conclusion reached. This, however, was the very point in issue between the parties to the injunction suit. The plaintiffs charged that they were being disturbed in their use of certain oyster-beds which they alleged were natural beds, and they prayed that the defendants be enjoined from interfering with them in the use of "said natural oyster-beds." The restraining order issued "as prayed for," and the bond given by the plaintiffs was conditioned to indemnify the defendants for any damage which they might sustain "by reason of said restraining order." The fact that the plaintiffs charged that the oyster-beds in question were natural beds did not make them so; and a reasonable construction of the bond, when taken in connection with the suit for injunction and restraining order, is that the obligors agreed to indemnify the defendants for any damage that might be sustained by them on account of their being deprived of the use of the oyster-beds, in the event that it should be judicially determined that these beds were the private property of the defendants, and not open to the free use of the public. It follows, therefore, that the court below erred in sustaining a general demurrer to the plaintiffs' petition.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*